(No. 4296- )

QUENTIN GEORGE DAIBER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

ELDON M. DURR, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On June 13, 1949, the claimant, Quentin George Daiber, was an employee of the respondent in the Department of Public Works and Buildings, Division of Highways. While cleaning the sickle of a power mower, his hand slipped causing the left ring finger to be caught in the sickle, and the major portion of the distal phalanx was cut off. His foreman, Joseph E. Britt of Alhambra, was notified at once of the accident, and took Mr. Daiber to St. Joseph's Hospital, Highland, where Dr. Ewald Hermann rendered first attention and amputated the finger at the distal joint.

Claimant was first employed by the Division on March 1, 1949, as a highway section man's helper at a salary of $180.00 a month. Division employees in this classification ordinarily work continuously throughout the year. Claimant was 28 years of age, married, and had three children under 16 years of age dependent upon him for support. His compensation rate, therefore, would be $18.00 per week. However, as the injury was incurred

after July 1, 1947, this must be increased 30 per cent, making his compensation rate $23.40 per week.

At the time of the accident, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident, and claim for compensation were made within the time provided by the Act. All medical services were paid by the respondent.

Claimant is entitled to an award for one-half the loss of his left ring finger. Under Section 8, Paragraphs (e), (4), and (j) as increased by Paragraph (m), this would be 12½ weeks at $23.40 per week, or $292.50. The claimant was temporarily totally disabled from June 14, 1949 to June 20, 1949. Respondent paid him full salary for a period amounting to $42.00. The sum of $18.60 must be deducted from the award for non-productive time.

An award is, therefore, made in favor of the claimant, Quentin George Daiber, in the sum of $292.50, less the sum of $18.60 paid for non-productive time, or the sum of $273.90, all of which has accrued and is payable forthwith.

Henry P. Keefe, Court Reporter, was employed to take and transcribe the testimony, for which he made a charge of $11.60. We find that this charge is fair, reasonable and customary.

An award is, therefore, entered in favor of Henry P. Keefe in the sum of $11.60.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."